# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Raul E. Gonzalez,

    Plaintiff

v.

A.G. Adam Laxalt, et al.,

    Defendants

Case No.: 2:19-cv-00214-JAD-VCF

**Order Screening Complaint and Dismissing Case**

Plaintiff Raul E. Gonzalez brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Fourteenth Amendment due-process and equal-protection rights were violated during his incarceration at High Desert State Prison (HDSP). Because Gonzalez applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Though Gonzalez has demonstrated that he qualifies for pauper status, I find that he cannot plead a due-process claim and has not pled an equal-protection claim, so I grant the application to proceed *in forma pauperis* but dismiss the complaint in its entirety without leave to amend.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

---

[1] ECF No. 1.
[2] *See* 28 U.S.C. § 1915A(a).

monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id*.

## II. Screening Gonzalez's complaint

Gonzalez sues multiple defendants for events that took place while Gonzalez was incarcerated at HDSP.[11] Gonzalez sues Defendants Warden Brian Williams, NDOC Director James Dzurenda, Attorney General Adam Laxalt, Attorney General Aaron Ford, and Associate Warden Jennifer Nash.[12] He alleges one count and seeks monetary damages.[13]

In his complaint, Gonzalez alleges the following: Gonzalez was sentenced on May 7, 2007, when NRS § 209.4465(7) was in effect.[14] The NDOC sent Gonzalez to the parole board prematurely in 2014 due to his aggregated sentences.[15] The parole board instructed the NDOC to recalculate Gonzalez's parole date to sometime in 2016 but the NDOC failed to bring Gonzalez before the parole board in 2016.[16] Gonzalez complained to Williams but Williams failed to respond.[17] Gonzalez submitted a grievance to Nash but she denied his request as untimely.[18] Dzurenda ignored Gonzalez's notice.[19] Laxalt and Ford were required to inform the NDOC of the good time credit requirement under NRS § 209.4465(7).[20] Gonzalez alleges that this conduct violated his Fourteenth Amendment rights to due process and equal protection.[21]

---

[11] ECF No. 1-1 at 1.
[12] *Id.* at 2–3.
[13] Daryl E. Gholson helped Gonzalez prepare the complaint. ECF No. 1-1 at 4, 8.
[14] *Id.* at 4.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 5.
[20] *Id.*
[21] *Id.* at 4.

Gonzalez is challenging the defendants' failure to apply good-time credits to Gonzalez's minimum sentence and parole-eligibility date as directed by NRS § 209.4465(7). NRS § 209.4465(7) permits good-time credits to be applied to a prisoner's minimum sentence in certain circumstances, making an inmate eligible for parole sooner than he would have been without the credits.[22] Because Gonzalez's lawsuit involves his parole-eligibility date and not his underlying conviction or overall sentence, a § 1983 action is the proper vehicle to raise such a challenge.[23] So I proceed to consider whether Gonzalez has pled any viable § 1983 claim.

### A. Gonzalez cannot state a due-process claim because the law does not deem the violation of state parole-eligibility requirements to be a due-process violation.

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures.[24] But, in Nevada, state prisoners do not have a liberty interest in parole or parole eligibility.[25] Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due-process clause.[26]

---

[22] *See* NRS § 209.4465(7); *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017).

[23] *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that if a civil claim merely would speed up the plaintiff's *consideration* for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action).

[24] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[25] *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

[26] *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

I find that Gonzalez fails to state a colorable due process claim based on the allegations that the defendants violated NRS § 209.4465(7)(b) and deprived him of an earlier parole-eligibility date. Gonzalez cannot establish a liberty interest in his parole eligibility date, and the failure to properly apply NRS § 209.4465(7) constitutes an error of state law and the law does not recognize such an error as a valid basis for a due-process claim. So I dismiss Gonzalez's due-process claim with prejudice because it fails as a matter of law and amendment would be futile.

**B.     Gonzalez has pled no facts to suggest an equal-protection violation.**

The Equal Protection Clause of the Fourteenth Amendment requires all similarly situated persons be treated equally under the law.[27] In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a legally recognized protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.[28] Gonzalez fails to state a colorable equal-protection claim because he makes no allegations to support such a claim. Accordingly, I dismiss the equal-protection claim without prejudice. And because Gonzalez's allegations do not even hint at an equal-protection issue, I find no basis to grant leave to amend.

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**.[29] Plaintiff need not pay an

---

[27] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[28] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[29] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915 as amended. **This full filing fee remains due and owing even though this case is being dismissed.**

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Raul E. Gonzalez, #96597** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE** the complaint [ECF No. 1-1] and send Gonzalez a courtesy copy.

Having screened the complaint, IT IS FURTHER ORDERED that:

- The due process claim is DISMISSED with prejudice, as amendment would be futile, and without leave to amend; and
- The equal protection claim is DISMISSED without prejudice and without leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to CLOSE THE CASE and ENTER JUDGMENT accordingly.**

I certify that any *in forma pauperis* appeal from this order would **not** be taken in good faith as contemplated by 28 U.S.C. § 1915(a)(3).

Dated: November 19, 2019

_____
U.S. District Judge Jennifer A. Dorsey